

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 24, 1948

Hon. Geo. H. Sheppard                 Opinion No. V-616
Comptroller of Public Accounts
Austin, Texas                         Re: Market value of carbon
                                          black for computing the
                                          occupation tax due on
                                          the production thereof
                                          under facts submitted.

Dear Mr. Sheppard:

Your letter requesting our opinion relative to the above-captioned matter reads as follows:

"I am attaching hereto:

"A. Copy of contract between Crown Carbon Co., a corporation of the State of Delaware, and the Canada Carbon Black Co. Ltd., a corporation organized under the laws of the Dominion of Canada.

"B. Copy of Contract between Continental Carbon Co., a corporation of the State of Delaware, and the Witco Chemical Co., a corporation of the State of Illinois.

"C. Copy of contract between the Panhandle Carbon Co. Inc., a Delaware Corporation, and Wishnick-Tumpeer, Inc. an Illinois Corporation.

"D. Copy of contract between Continental Carbon Co., a corporation of the State of Delaware, and Witco Chemical Co., a corporation of the State of Illinois

for your study in answering the following questions -

"Is the manufacturer or producer of carbon black authorized to deduct the commissions or fees as described in the foregoing contracts from the sales price of carbon black before computing the tax levied under Section 46 of Article 7047 R.C.S.

"For your further study in answer to the above question, I am enclosing memoranda showing the percentages of stock ownership in these various corporations.

"I do not have a copy of the contracts between producers and Carbon Black Export Inc. of New York, a Delaware Corporation, organized for engaging solely in export trade as defined by an Act of Congress, approved April 10, 1918, commonly known as the 'Webb Act'. The stockholders of Carbon Black Export Inc. are the producers who sell their black for export to this association. The Continental Carbon Company is a producer and a stockholder owning about 7% of the stock in the Carbon Black Export Inc.

"Since the Carbon Black Export Inc. purchases the black from the producers at substantially the same price as it receives from its customers, each month, a charge is made by the Carbon Black Export Inc. to its producers for a pro-rata cost of its operations. Hence, the price received by the Continental Carbon Company is greater than that received from sales in the domestic market because of the above charge in addition to export packaging costs and freight to seaboard.

"The facts in the last two paragraphs are furnished this Department by Mr. Seligman of the Continental Carbon Company.

"Would the amount paid Carbon Black Export Inc. by Continental Carbon Company be deductible from the sales value before computing the tax on export sales."

The following is a copy of the memorandum enclosed with your letter:

## "PANHANDLE CARBON CO.

"In 1942 when current sales contract was made with Wishnick-Tumpeer now Witco Chemical and until September 1947 the stock of Panhandle was owned by

"50% - Phillips Petroleum Company
"50% - R. I. Wishnick as trustee under the Panhandle Carbon Co. Securities Trust. Of this 50% R.I. Wishnick had a beneficial interest in the trust of 74% or 37% of the stock.

"In September, 1947 - Phillips sold out to Wishnick and the present stock is held by R. I. Wishnick, Trustee for 100%.

## CONTINENTAL CARBON

"Since organization in 1937, stock of Continental has been held by

"30% - Shamrock Oil & Gas Corp.
"20% - Continental Oil Co.
"50%, or less by R. I. Wishnick as trustee under the
        Continental Carbon Company Securities Trust.

"At present the holdings are

"50% by Shamrock & Continental Oil
"$8\frac{1}{2}$% by U. S. Schwartz family
"$41\frac{1}{2}$% by R. I. Wishnick as Trustee"

At our request you have secured and furnished us a copy of the contract between the producers and Carbon Black Export, Inc.

The term "market value" as used in the carbon black production tax act is defined in Article 7047(46), V.C.S. as follows:

"The market value of a particular type or grade of carbon black shall be the average sales price of that type or grade of all bona fide sales made during the month on which the tax is being paid less the cost of packing, freight, and cartage. If no carbon black of the particular type or grade has been sold during the month for which the tax is being paid then the actual market value of the same shall be the average sales price of that type or grade of all bona fide sales during the last preceding month in which a bona fide sale of that particular type or grade of carbon black was made, less packing, freight, and cartage."

It will be noted that the market value of each particular type or grade of carbon black is the average sales price of that type or grade of all bona fide sales made during the month less the cost of packing, freight and cartage. The cost of making sales is not to be deducted from the sales price in arriving at the market value. Although the term "all bona fide sales" is not expressly limited to the sales made by each separate producer of carbon black, it is our opinion that it was the legislative intent to so limit it. A reading of the entire act and construing it as a whole clearly reflects such intent. The tax is due and payable on the 25th of each succeeding month, and is to be reported to the Comptroller on forms prescribed by the Comptroller; and the tax is to be computed by the producer.

We have examined the submitted copies of the contracts. It appears that in two of the contracts the "seller" is expressly made the agent of the producer and receives a percentage of the sales price for his services in making the sales. Although from certain provisions contained in the other contracts, it appears that an actual sale is made by the producers to the other contracting parties, a reading of the entire contracts and construing them from their four corners makes it clear to us that a sale is not made under such contract, in that neither the title or possession of any carbon black ever passes from the producers to the other contracting parties. The sales are made as agent of the producer. A "sale" is an agreement by which one of two contracting parties, called the "seller," gives the thing, and passes title to it for a certain price in current money. See Skirvin v. O'Brien, 95 S.W. 696. Both of your questions are therefore answered in the negative.

## SUMMARY

The amount paid to an agent of the producer of carbon black for making sales should not be deducted from the sales price in determining the market value of such carbon black in computing the tax levied under Article 7047, V.C.S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By W. V. Geppert

W. V. Geppert
Assistant

WVG/JCP

APPROVED

Fagan Dickson

FIRST ASSISTANT
ATTORNEY GENERAL